**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**
**2:06cv21**

| | | |
|---|---|---|
| **MELISSA McHAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| **CHEROKEE COUNTY, NORTH** | ) | |
| **CAROLINA,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

     **THIS MATTER** is before the court on defendants' Partial Motion to Dismiss (#7). Defendants filed their motion on October 2, 2006, plaintiff timely filed her Response on October 20, 2006, and defendants filed their Reply on October 30, 2006. It appearing that all issues have now been fully briefed, and having reviewed the Complaint, the court enters the following findings, conclusions, and Recommendation.

**FINDINGS AND CONCLUSIONS**

**I.    Background**

    **A.    Nature of the Case**

    In this action, plaintiff asserts twelve causes of action under Title VII of the *Civil Rights Act of 1964*, 42, United States Code, Section 1983, the *Equal Pay Act*, and supplemental state law claims. All twelve claims arise out of her public employment with Cherokee County, North Carolina, and her work in the Building

-1-

Inspections Department.

**B.     Facts as Alleged in the Complaint**

**1.     Summary**

It is plaintiff's contention that her supervisor in the Cherokee County Building Inspections Department, defendant Silas Allen, created a hostile work environment by demanding sexual favors in exchange for a promotion, sexually harassed her, and sexually assaulted her in the workplace.  Plaintiff also contends that the county as well as the county manager and county commissioners were complicit in Silas Allen's conduct in that they failed to take any prompt remedial action once such conduct was brought to their attention.  It is plaintiff's contention that defendants created a hostile work environment which forced her resignation from public employment on February 28, 2005.

**2.     Specific Allegations of the Complaint**

On April 12, 2002, plaintiff began working for Cherokee County in the Building Department as a Permit Technician.  Compl., at ¶ 13.  Silas Allen was the head of that department, Compl., at ¶ 7, E. Jones was the County Manager, and D. Jones and Vicknair served as County Commissioners.  Compl., at ¶¶ 8-10.

Plaintiff alleges that for nearly a year,  between April 12, 2002, and March 2003, Allen made daily comments to her concerning her breasts and buttocks.  Compl., at ¶¶ 16-17.   In addition to such sexually oriented commentary, plaintiff also contends that Allen used vulgar, foul, and inappropriate language.  Compl., at ¶ 19.  After plaintiff's husband died in March 2003, plaintiff alleges that Allen

escalated his harassment by placing his left hand on the middle of plaintiff's buttocks, Compl., at ¶¶ 22-24, and that he continued to use vulgar and foul language in the workplace. Id. Plaintiff also contends that Allen solicited sex from her by offering her a "nooner" in July 2004. Compl., at ¶ 24. Plaintiff further contends that she complained to several department heads about Allen's conduct, but that no remedial action was taken, Compl., at ¶¶ 28-29.

Plaintiff further alleges that when in the fall of 2003 a promotion became available in the Building Inspection Department for which she was qualified, she was not selected by Allen despite her having been trained in such position and performing such duties in the previous employee's absence. Compl., at ¶¶ 38, 40, 42-43, & 61-62. In December, 2004 the plaintiff asked Allen about a promotion and attendant raise and Plaintiff alleges that Allen told her that she should view the promotion and raise as a "carrot in front of your face...you give in and you get it.."Compl., at 46.

Plaintiff alleges that in February 2005, she complained to E. Jones, in his role as County Manager, about Allen's sexual demands, his refusal to promote her, and his failure to compensate her equally with males unless she consented to Allen's sexual demands. Compl., at ¶ 48. Plaintiff alleges that rather than take remedial action, County Manager E. Jones told her that it was Allen's "way of flirting," whereupon plaintiff attempted to resign from her employment. Compl., at ¶ 49-50. Thereafter, plaintiff alleges that the County Manager then spoke with Allen, but that Allen still refused to promote her or pay her equally and instead informed her that he would not be giving her a promotion or a raise but that "the carrot was still there."

Compl., at ¶¶ 52-53. It would appear that Plaintiff is alleging that it was Allen's decision that if Plaintiff acquiesced to Allen's sexual demands that Plaintiff would be promoted and that if she did not acquiesce Allen would not promote her. Plaintiff alleges that because no further action was taken in response to her complaint, she was forced to resign on February 28, 2005. Compl., at ¶¶ 43, 54-55.

Plaintiff filed a charge of discrimination with the EEOC on April 18, 2005, and received a right to sue letter on January 31, 2006. Compl., at ¶ 69, 71.

**B.    Plaintiff's Claims**

Plaintiff has asserted the following causes of action:

(1)    Title VII Hostile Work Environment Claim against Cherokee County;

(2)    Title VII Constructive Discharge Claim;

(3)    Title VII Failure to Promote claim against Cherokee County;

(4)    Title VII Retaliation claim against Cherokee County;

(5)    Equal Pay Act claim against all defendants;

(6)    Section 1983 Equal Protection claim against all defendants

(7)    Section 1983 First Amendment retaliatory discharge claim against all defendants;

(8)    Supplemental Assault and Battery claim against Allen;

(9)    Supplemental Intentional Infliction of Emotional Distress claim against Allen;

(10)   Supplemental Negligent Retention and Supervision claim against Cherokee County, E. Jones, D. Jones, and Vicknair;

(11)    Supplemental Constructive Discharge claim against all defendants; and

(12)    Supplemental Punitive Damages claim against Allen.

## C.    Defendants' Motion to Dismiss

The claims as to which defendants originally sought dismissal in their "Partial Motion to Dismiss" are outlined at pages three and four of the defendants' "Memorandum of Points and Authorities."   It appears, however, that the scope of defendants' Partial Motion to Dismiss has been narrowed through the briefing process, inasmuch as defendants state that they have "withdrawn" certain motions and that plaintiff has "withdrawn" certain claims.[1]  Since the defendants are masters of their own motion, the undersigned will limit review to the motions to dismiss defendants state remain in contention, which are as follows:

(1)    defendants' Motion to Dismiss the Sixth Claim for Relief, an Equal Protection claim under Section 1983, as asserted against defendants E. Jones, D. Jones, and Vicknair  in their individual capacities;

(2)    defendants' Motion to Dismiss the Seventh Claim for Relief, a Section 1983 First Amendment retaliatory discharge claim against all defendants, or, alternatively, to dismiss such claim as asserted against the individual defendants in their individual capacities;

(3)    defendants' Motion to Dismiss the Tenth Claim for Relief, a

---

[1]    Whether or not a motion or a claim can be effectively "withdrawn" in the text of a response or reply to a motion is debatable, and the undersigned trusts that at an appropriate time counsel for the various parties will stipulate under Rule 15(a) and file an Amended Complaint that reflects such withdrawals.  <u>Gahagan v. North Carolina Hwy. Patrol</u>, 1:00cv52 (W.D.N.C. Oct. 25, 2000).

Supplemental Claim for Negligent Retention and Supervision against D. Jones, E. Jones, and Vicknair in their individual capacities; and

(4)  defendants' Motion to Dismiss the Eleventh Claim for Relief, a Supplemental Claim for Constructive Discharge, in its entirety.

Each of the remaining motions to dismiss will be discussed *seriatim* in Section III.

## II.  Applicable Standards

### A.  Introduction

Plaintiff has moved to dismiss under Rules 12(b)(1) & (6).  Inasmuch as defendants have stated that they have withdrawn their Motion to Dismiss the Third Cause of Action, Reply, at 1, Rule 12(b)(1) appears to have no further application to the instant motion and will not be addressed.  The Rule 12(b)(6) standard will only be applied to the remaining motions.

### B.  Rule 12(b)(6) Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law.  Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding.  Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable.  On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . .  What Rule 12(b)(6) does not countenance are dismissals

based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the Complaint and will has viewed them in a light most favorable to plaintiff.

## III.    Discussion: Defendants' Partial Motion to Dismiss

**A.      Sixth Claim for Relief: Equal Protection**

Defendants have moved to dismiss the Sixth Claim for Relief, in which plaintiff asserts an Equal Protection claim under Section 1983 against E. Jones, D. Jones, and Vicknair in their <u>individual</u> capacities.

In moving to dismiss this aspect of the Sixth Claim for Relief, defendants argue that individual capacity liability will only lie where plaintiff alleges that defendants had knowledge that their employees were engaged in conduct that posed a "pervasive and unreasonable risk" of injury to plaintiff and that their response was so inadequate as to be deliberately indifferent to Allen's alleged unlawful conduct or a tacit authorization of his alleged sexual harassment. <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994). Defendants contend that plaintiff has failed to allege that County Manager E. Jones' response was so inadequate as to be deliberately indifferent and that plaintiff has made no relevant allegations as to Commissioners D. Jones and Vicknair.

Plaintiff has, however, alleged that she reported unlawful conduct to County Manager E. Jones in February 2005, that he respond that the alleged conduct was "just an old man's way of flirting," that he spoke with Allen about the charges, and that in the end he took no action against Allen. Compl., at ¶¶ 47-49, & 52-55. As to the conduct of the defendant Commissioners, plaintiff further alleges that Commissioner D. Jones admitted to a customer of the building department who had complained about Allen's sexual harassment of the Plaintiff that "we" are aware of Allen's conduct, but "Can't do anything about it." <u>Id.</u>, at ¶ 58. Plaintiff argues in

response to the Motion to Dismiss that there is a reasonable inference that "we" is a collective reference to Commissioners D. Jones and Vicknair, and that such an admission "portends knowledge on behalf of all three commissioners and a failure to take any action to protect employees from Allen's behavior."

The key to understanding defendants' motion is first understanding that plaintiff's Sixth Cause of Action is not brought under Title VII, but in accordance with Section 1983, which provides for supervisory liability in very narrow circumstances, which is very different from "employer liability"for subordinate's acts under Title VII. See Lissau v. Southern Food Service, Inc.,159 F.3d 177 (4th Cir. 1998).

In the context of Section 1983, it is well established that a supervisory county employee cannot be held personally liable under Section 1983 on a theory of *respondeat superior* for the unconstitutional acts of the employee. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Supervisory officials may be held liable only in very limited circumstances for the alleged constitutional injuries inflicted by their subordinates. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984). As explained by the Court of Appeals for the Fourth Circuit in Slakan:

> Liability in this context is not premised on *respondeat superior* . . . but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care. The plaintiff, of course, assumes a heavy burden of proof in supervisory liability cases. He not only must demonstrate . . . a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or "tacit authorization of the offensive [practices]." Ordinarily, he cannot satisfy his burden of proof by pointing to a single incident or isolated incidents,

> [cite omitted], for a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his responsibilities. Nor can he reasonably be expected to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct. A supervisor's continued inaction in the face of documented widespread abuses, however, provides an independent basis for finding he either was <u>deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates</u>.

<u>Id.</u>, at 372-73 (emphasis added; citations omitted). Here, plaintiff alleges that in February 2005, she complained to County Manager E. Jones about Allen's sexual demands, his refusal to promote her, and his failure to compensate her equally with males unless she consented to Allen's sexual demands. Compl., at ¶ 48. Plaintiff alleges that rather than take remedial action, County Manager E. Jones told her that it was Allen's way of flirting, whereupon plaintiff attempted to resign from her employment. Compl., at ¶ 49-50. Thereafter, plaintiff alleges that the County Manager then spoke with Allen, but that Allen still refused to promote her or pay her equally and instead made the statement that "the carrot was still there." Compl., at ¶¶ 52-53. Plaintiff alleges that because no further action was taken in response to her complaint, she was forced to resign on February 28, 2005. Compl., at ¶¶ 43, 54-55.

The requirements of <u>Slakan</u> do not readily lend themselves to a motion to dismiss; instead, they appear geared toward a motion for summary judgment inasmuch as they speak to plaintiff's "burden of proof," plaintiff being able to "demonstrate," and plaintiff being able to "show"that the supervisory official's conduct amounted to tacit authorization or deliberate indifference. <u>Slakan</u>, <u>supra</u>.

The burdens of which the court speaks in <u>Slakan</u> are in stark contrast to the

minimal pleading requirements of Rule 8 and, if such were to be applied to a Complaint as defendants suggest, would be counter to prevailing law from the United States Supreme Court. To survive <u>any</u> motion to dismiss, all that Rule 8 requires is a "short and plain statement of the claim showing that the pleader is entitled to relief...." Fed.R.Civ.P. 8(a). Consistent with that rule of pleading, the Supreme Court has held that a federal court can not apply a "heightened pleading standard" in Section 1983 cases which is more stringent than usual pleading requirements, even in cases seeking to impose municipal liability for acts of employees under § 1983. <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163 (1993).

Reading <u>Leatherman</u> in the context of defendants' motion, it appears that the Supreme Court has found it improper to use a heightened pleading standard as a barrier to civil rights litigants accessing the courts. While <u>Leatherman</u> does not alter the burden of proof in presenting civil rights claims which <u>Slakan</u> describes, <u>Leatherman</u> recognizes that at the initial stages of pleading, a civil rights litigant may only have knowledge of the constitutional wrongs allegedly done to him. In order to show patterns of practice, willful blindness, or tacit authorization, a plaintiff will need to be able to conduct *discovery*. For example, in this case, it will be important (as defendants' Motion to Dismiss makes clear) for plaintiff to be able to determine whether these defendants had any knowledge of prior sexual harassment of employees by Allen, what actions they took to remedy such problem, and whether defendants tacitly authorized any such misconduct through any actions or inaction.

It is only by filing the action that plaintiff has the ability to depose these defendants, demand production of their documents, and compel the testimony and production of evidence by third parties who may have information concerning the alleged wrongdoing of Allen or the complicity, if any, of these defendants.

Consistent with this court's reading of <u>Leatherman</u>, is that of the Court of Appeals for the Fourth Circuit, which recognized in <u>Jordan by Jordan v. Jackson</u>, 15 F.3d 333 (4th Cir. 1994) that

> after *Leatherman*, a section 1983 plaintiff seeking to impose municipal liability must satisfy only the usual requirements of notice pleading specified by the Federal Rules. He is required under Rule 8(a)(2) to provide nothing more than " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." **There is no requirement that he detail the facts underlying his claims, or that he plead the multiple incidents of constitutional violations that may be necessary at later stages to establish the existence of an official policy or custom and causation.**

<u>Id.</u>, at 339 (citations and footnote omitted; emphasis added). District courts interpreting <u>Jackson by Jackson</u> have held further that there can also be no "heightened pleading standard" based on the capacity in which a municipal defendant is sued:

> It is well recognized that pleading standards should not be increased based on the naming of a party in his or her official capacity or by the naming of a municipality. The plaintiffs rely on *Jordan by Jordan v. Jackson*, 15 F.3d 333, 339 (4th Cir.1994), among other Fourth Circuit cases. However, the Court finds that the most recent and relevant case in this regard is the Fourth Circuit's opinion in *Edwards v. City of Goldsboro*. 178 F.3d at 244. In *Edwards*, the court held that the complaining police officer who had filed suit against his supervisors and the City, need do nothing more than "set forth a plain statement of his claims giving the City fair notice of what his claims [were] and the grounds upon which they [rested]." *Id.* (finding that the claims contained

in the plaintiff's amended complaint were sufficient to survive a Rule 12(b) motion to dismiss).

Lytle v. Brewer, 77 F.Supp.2d 730, 742 (E.D.Va. 1999).

As to whether a "heightened pleading standard" can be applied to Section 1983 vicarious liability claims, only three cases in the Fourth Circuit have mentioned Slakan and Leatherman in the same opinion, and none of them have addressed whether Leatherman would preclude interpretation of Slakan to provide a heightened pleading requirement.  See Givens v. O'Quinn, 2005 WL 488804 (4th Cir. 2005); Jennings v. University of North Carolina at Chapel Hill, 240 F.Supp.2d 492 (M.D.N.C. 2002); Mason v. Mayor and City Council of Baltimore, 1995 WL 168037 (D.Md. 1995).  While none of those cases squarely addressed the issue before this court, in none of those decisions did the court allow any variance from Leatherman's holding that there can be no heightened pleading requirement in Section 1983 cases. The undersigned concludes that Leatherman would prohibit a heightened pleading standard for claims of vicarious liability under Section 1983, making a Rule 12(b)(6) motion under Slakan untenable.  Such finding does not alter the proof requirements of Slakan, which can be addressed by way of summary judgment or trial after plaintiff has had an opportunity to conduct discovery.

Plaintiff has clearly stated a cause of action against these defendants in their individual capacities by making a short and plain statement of her claim. The undersigned must recommend that defendants' Motion to Dismiss the claims asserted against defendants E. Jones, D. Jones, and Vicknair be **DENIED** in accordance with

Leatherman, but without prejudice as to reassertion in the form of a motion for summary judgment after plaintiff has had an adequate opportunity for discovery.

**B.      Seventh Claim for Relief: First Amendment Claim**

The defendants have also moved to dismiss the Seventh Claim for Relief, which is a Section 1983 First Amendment retaliatory discharge claim. Defendants' motion is comprised of two motions, as follows: (1) to dismiss the Seventh Claim for Relief, a Section 1983 First Amendment retaliatory discharge claim against all defendants, or, alternatively; (2) to dismiss such claim as asserted against all defendants[2] in their individual capacities.

**(i)      Motion to Dismiss Based on Alleged Lack of Public Concern**

The centerpiece of defendants' argument is that allegations of sexually harassing conduct as to only one employee, plaintiff, is not a matter of public concern that could be afforded first amendment free speech protection. In Mikkelsen v. DeWitt, 141 Fed.Appx. 88 (4th Cir 2005), the Court of Appeals for the Fourth Circuit recognized that there is a debate "among circuits regarding whether complaints of sexual harassment count as such public matters." Id., at 92.

Public employees, such as plaintiff, have a constitutional right to speak out on matters of public concern. Connick v. Myers, 461 U.S. 138, 142 (1983). The

---

[2]      In their original brief and motion, defendants sought individual capacity dismissal only as to defendants E. Jones, D. Jones, and Vicknair, but not Allen. See Brief in Support, at 11. In the Reply brief, defendants twice reference they are seeking such dismissal as to Allen also. See Reply Brief, at 2 & 4. Defendants cannot expand in their Reply the scope of relief sought in their motion and original brief. The undersigned will consider the references to Allen in the Reply to be typographical errors.

question of whether speech addressed a matter of legitimate public concern is one of law, not of fact. Jones v. Dodson, 727 F.2d 1329, 1334 (4th Cir. 1984). If a public employee's "speech cannot fairly be characterized as constituting speech on a matter of public concern, the inquiry is at an end." Ferrara v. Mills, 781 F.2d 1508, 1512 (11th Cir. 1986). In the context of a public school employee, the Court of Appeals for the Fifth Circuit held, as follows:

> Issues do not rise to a level of "public concern" by virtue of the speaker's interest in the subject matter; rather, they achieve that protected status if the words or conduct are conveyed by a teacher in his role as a citizen and not in his role as an employee of the school district.

Kirkland v. Northside Independent School District, 890 F.2d 794, 798-99 (5th Cir. 1989).

The court finds both the unpublished appellate decision and published opinion of Honorable Robert D. Potter, United States District Judge, in Baker v. Mecklenburg County, 853 F.Supp. 889 (W.D.N.C. 1994), aff'd, 1995 WL 86436 (4th Cir. 1995), to be particularly persuasive. The well-reasoned opinion of Judge Potter in Baker provides guidance:

> Litigious expressions are among those expressions that are not automatically ascribed First Amendment shelter simply because they are filed. The assumption that all lawsuits are protected speech is a big one indeed. Just as to speak is not to sue, the Court believes that to sue is not to necessarily come under the rubric of the First Amendment's assorted rights to free expression. The notion that speaking is litigating is as much a *non sequitur* as the proposition that litigating is always speaking within the meaning of the First Amendment either as it was written, originally understood, or has since been interpreted. "Everyone exaggerates the importance of his or her own activity and it is therefore natural for lawyers to suppose that [behind] every legal pleading, however humble, comes trailing clouds of First Amendment glory." If public employee litigation is protected by the First Amendment at all, it

must be because the lawsuit is of a character that involves the "public employee speak[ing] . . . as a citizen upon matters of public concern...." Therefore, this Court must decide whether Plaintiff, as a public employee filing a lawsuit, was speaking as a citizen when he did so. Then the Court must also consider whether his lawsuit involved matters of public concern. Determining whether a lawsuit is of such a character that it implicates the public concern requires evaluating it by its, "content, form, and context . . . as revealed by the whole record." This is an inquiry which must be determined as a matter of law, not fact.

Baker, at 893 (citations omitted).

In this case, the "whole record" has yet to be developed and the undersigned again believes defendants' Motion to Dismiss is premature in that in would hold plaintiff to a heightened pleading standard. Further buttressing the prematurity of the motion is that the bulk of the cases cited by the defendants in support of their motion were decided at summary judgment. See Campbell v. Town of Southern Pines, 401 F.Supp.2d 480 (M.D.N.C. 2005) (deciding at **summary judgment** that officer's statements about gender/discrimination and/or sexual harassment and horseplay within department addressed matters of public concern). In another case cited by defendants, Mikkelsen v. DeWitt, 141 Fed.Appx. 88, 2005 WL 1655026 (4th Cir. 2005), the Court of Appeals for the Fourth Circuit held in a review of the district court's allowance of **summary judgment,** as follows:

> The parties ask us to weigh in on a debate among the circuits regarding whether complaints of sexual harassment count as such public matters. **The answer to this question may very well change depending on the specific circumstances involved.** But in any event, we need not grapple with the issue today because there is no **evidence** that DeWitt retaliated against Mikkelsen for any speech.

Id., 141 Fed.Appx., at 92 (emphasis added). The Mikkelsen court held precisely as did Judge Potter in Baker, finding that whether speech by a public employee is

constitutionally "protected speech" will turn on the "specific circumstances involved" id., which is akin to the "whole record" referenced by Judge Potter.

At the initial pleading stage, and before issues even join, a court cannot be apprised of the "specific circumstance involved" and does not have before it the "whole record." The undersigned will, therefore, recommend that this motion be denied, but without prejudice as to reassertion of the substance of the motion in the form of a motion for summary judgment after plaintiff has had an opportunity to conduct discovery.

### (ii) Motion to Dismiss Claim Asserted Against Defendants E. Jones, D. Jones, and Vicknair In Their Individual Capacities

This motion pivots on defendants' contention that a state actor cannot be held personally liable for a constitutional tort unless the state actor participated directly in the constitutional violation. While defendants correctly state the law, their contention that plaintiff must be able to immediately prove that the individual defendants E. Jones, D. Jones, and Vicknair participated in such retaliation finds no support in case law. This court's review to determine whether a claim has been stated is limited to review of the <u>allegations</u> of the plaintiff's Complaint, which provide in relevant part as follows:

112.
Plaintiff incorporates herein paragraphs 1 through 111 of her Complaint.

113.
Defendants have continuously engaged in a pattern and practice of intentional retaliation against Plaintiff based upon her protected speech by subjecting the Plaintiff to sexual harassment, by constructively discharging her, by paying her less than her male

counterpart, and in other terms and conditions of employment in violation of 42 U.S.C. § 1983 and the First Amendment to the United States Constitution.

114.

Defendants have engaged in a custom, policy, and/or practice of retaliating based upon an employee's protected speech by subjecting the Plaintiff to sexual harassment, by constructively discharging her, by paying her less than her male counterpart, and in other terms and conditions of employment. Defendants have acted under the color of state law.

115.

Defendants Cherokee County, Jones, Jones, and Palmer Vicknair delegated final policy making authority to Defendant Allen with respect to employment decisions regarding the County's Building Department employees.

116.

Defendants Cherokee County, Jones, Jones, and Palmer Vicknair also had final policy making authority with respect to employment decisions regarding the County's Building Department employees.

117.

Defendants' discriminatory conduct has resulted in the loss of pay, benefits, prestige, and has caused Plaintiff to suffer mental and emotional distress.

118.

Defendants' failure to follow-up and/or to investigate and respond to the Plaintiff's complaints and allegations of illegal conduct shows malice and reckless indifference to the Plaintiff's federally protected rights thereby entitling her to punitive damages.

Complaint, at ¶¶ 112-18. In paragraphs 113 and 114, plaintiff makes the required allegations that these defendants retaliated against her for exercising protected speech. Nothing more is required under Rule 8 to plead a Section 1983 claim as discussed at greater length in the preceding sections.

Defendants argue in their Reply Brief that "Plaintiff's Response ignores the fact that the retaliation alleged by Plaintiff . . . was not done personally by any of the Defendants." Reply Brief, at 4. Defendants' argument provides the slippery slope which must be avoided on motions to dismiss. First, the argument assumes a fact that

is not only not in evidence, it is contrary to the allegations of the Complaint, which must be deemed true for purposes of a motion to dismiss. Second, defendants' argument is conclusory and contains no reference to any affidavit that supports defendants' argument that the alleged retaliation "was not done personally by any of the Defendants." If the undersigned did not know better, it would appear that counsel for defendants is vouching for his clients. While it may be well true in the end that none of the Commissioners or County Manager retaliated against plaintiff, plaintiff has an opportunity to engage in discovery and *then* present her evidence in our adversarial system. Despite defense counsel's reputation with this court, we simply cannot just take his word that defendants did not retaliate against plaintiff. All the court has before it is a Complaint and whether or not any defendant did or did not do a particular act is not now before the court. As the Rule 12(b)(6) standard provides, all factual allegations by a plaintiff must be deemed *true* for purpose of a motion to dismiss.

The court believes the correct *framework* for Rule 12(b)(6) analysis of individual capacity claims is found in the court's discussion of *respondeat superior* in light of <u>Slakan</u> and <u>Leatherman</u>. The undersigned does, however, agree with defendants that negligence will not support an individual capacity claim under Section 1983, <u>Ex parte Young</u>, 209 U.S. 123 (1908), <u>Hafer v. Melo</u>, 60 U.S.L.W. 4001 (U.S. 1991), and that plaintiff must allege (for purposes of a Rule 12 motion ) and ultimately prove (for purposes of a Rule 56 motion and trial) an intentional deprivation of a constitutional right.

In paragraph 113 of the Complaint, plaintiff specifically <u>alleged</u> intentional conduct by defendants in support of her free speech claim, as follows:

> Defendants have continuously engaged in a pattern and practice of **intentional retaliation** against Plaintiff based upon her protected speech by subjecting the Plaintiff to sexual harassment, by constructively discharging her, by paying her less than her male counterpart, and in other terms and conditions of employment in violation of 42 U.S.C. § 1983 and the First Amendment to the United States Constitution.

Compl., at ¶ 113 (emphasis added). Such allegation satisfies the pleading requirements of Rule 8(a), and the undersigned will, therefore, recommend that defendants' Motion to Dismiss as to defendants E. Jones, D. Jones, and Vicknair be denied.

### C. Tenth Claim for Relief: Supplemental Claim for Negligent Retention and Supervision

Defendants E. Jones, D. Jones, and Vicknair seek dismissal in their individual capacities of plaintiff's Tenth Claim for Relief, which is a supplemental claim for negligent retention and supervision. In North Carolina, public officials sued in their individual capacities enjoy public official immunity from simple negligence suits. <u>Smith v. Heffner</u>, 235 N.C. 1, 7 (1952). The only exception is where a plaintiff alleges that th public official acted corruptly or with malice. <u>Id.</u> Plaintiff concedes that she did not make such an allegation, but argues that just such an allegation could be inferred from the entirety of the Complaint. Response, at 9. The undersigned will, therefore, recommend that this Motion to Dismiss be granted, but that plaintiff be granted leave to amend her Complaint to reassert an individual capacity cause of

action to allege malice if she can do so under Rule 11.[3]

### D. Eleventh Claim for Relief: Constructive Discharge

Finally, defendants' have moved to dismiss the Eleventh Claim for Relief in its entirety, which is a Supplemental Claim for Constructive Discharge, arguing that North Carolina law does not recognize such claim.  The undersigned has read both plaintiff's Response and defendants' Reply and finds that the North Carolina Supreme Court has specifically held that North Carolina does not recognize a claim for wrongful constructive discharge in violation of public policy.  Whitt v. Harris Teeter, Inc., 614 S.E.2d 531 (N.C. 2005).  The undersigned will recommend dismissal of this claim with prejudice.

* * *

The undersigned greatly appreciates the fine manner in which respective counsel have fully briefed the issues.  Counsel for defendants is respectfully requested to consider filing his pleadings and briefs in PDF using either Word or WordPerfect so that the court may excerpt and extract as needed from the pleadings.

### RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

---

[3] Defendants failed to address plaintiff's request that if this claim is dismissed that she be granted leave to amend to properly reassert such claim rather than wasting judicial resources by filing a second lawsuit.  See Response, at 9, f.n.1.  As the issue has not been raised by these well represented parties, the undersigned makes no finding as to whether a Negligent Supervision claim can be based on malicious or corrupt conduct.

defendants' Partial Motion to Dismiss (#7) be

(1)     **DENIED** as to plaintiff's Sixth Claim for Relief, without prejudice as to reasserting the substance of such argument in the form or a Motion for Summary Judgment after plaintiff has had an adequate opportunity to conduct discovery;

(2)     **DENIED** as to plaintiff's Seventh Claim for Relief, without prejudice as to reasserting the substance of such argument in the form or a Motion for Summary Judgment after plaintiff has had an adequate opportunity to conduct discovery;

(3)     **GRANTED** without prejudice as to plaintiff's Individual Capacity Claims asserted against defendants E. Jones, D. Jones, and Vicknair in the Tenth Claim for Relief, and that plaintiff be **GRANTED** leave by the district court to amend her Complaint to properly assert such a claim if such can be accomplished in light of the pleading requirements of Rule 11; and

(4)     **GRANTED** with prejudice as to plaintiff's Eleventh Claim for Relief.


The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal.

<u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984).

Signed: November 7, 2006

Dennis L. Howell
United States Magistrate Judge