IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL NO. 2:06CV21

| | |
|---|---|
| MELISSA McHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| CHEROKEE COUNTY, NORTH ) | |
| CAROLINA; SILAS ALLEN, ) | |
| Individually and in his Official ) | |
| Capacity as Head of Department of ) | |
| Building Inspections; ERNEST ) | |
| JONES, Individually and in his ) | |
| Official Capacity as former County ) | |
| Manager and his Official Capacity ) | |
| as a Member of the Cherokee ) | |
| County Board of Commissioners; ) | |
| DANA JONES, Individually and in ) | |
| his Official Capacity as a Member of ) | |
| the Cherokee County Board of ) | |
| Commissioners; and BARBARA ) | |
| PALMER VICKNAIR, Individually and ) | |
| in her Official Capacity as a Member ) | |
| of the Cherokee County Board of ) | |
| Commissioners, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Melissa McHan's objections to the Magistrate Judge's Memorandum and Recommendation granting in part the Defendants' partial motion to dismiss.

## I.  BACKGROUND

The Memorandum and Recommendation sufficiently details the facts as alleged in Plaintiff's complaint and the claims arising therefrom. Accordingly, this Court incorporates the factual background of the Memorandum and Recommendation herein and will refer only to the facts and claims necessary for disposition of the present issue.

Plaintiff, an employee of Cherokee County, has filed numerous claims resulting from the alleged sexual harassment by her supervisor, Defendant Silas Allen, and subsequent lack of action taken by Cherokee County to correct the situation after Plaintiff reported Allen's actions. Plaintiff began working for Cherokee County on April 12, 2002.  Due to the alleged hostile work environment created by Allen's sexual harassment during Plaintiff's employment with Cherokee County, Plaintiff resigned from her position on February 28, 2005.

Among Plaintiff's various claims against Defendants is one for constructive discharge, in which Plaintiff claims "Defendants intentionally caused and/or permitted Plaintiff's working conditions to become so intolerable that she was forced to resign her employment. . . . Plaintiff's working conditions were so intolerable that no reasonable person would have been able to continue to work under those conditions." **Complaint, at 31.**

The Magistrate Judge recommended the Defendants' partial motion to dismiss be denied as to all claims except the claim for constructive discharge; as to that claim, the Magistrate Judge recommended the Defendants' motion be allowed. Plaintiff has timely filed her objections to this recommendation; the Defendants did not file any objections to the Memorandum and Recommendation.

## II.  STANDARD

A party may file written objections to a magistrate judge's memorandum and recommendation within ten days after being served with a copy thereof. **28 U.S.C. § 636(b)(1).** "Any written objections must specifically identify the portions of the Report and Recommendation to

which objections are made and the basis for such objections." ***Thomas v. Westinghouse Savannah River Co.*, 21 F.Supp.2d 551, 560 (D.S.C. 1997); *see also, Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to.").** "Frivolous, conclusive or general objections need not be considered by the district court." ***Battle*, 834 F.2d at 421.** "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." ***Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004); *see also Jones v. Hamidullah*, 2005 WL 3298966, at *3 (D.S.C. 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report].").** General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review. ***Tyler v. Beinor*, 81 F.**

**App'x 445, 446 (4th Cir. 2003);** *United States v. Woods***, 64 F. App'x 398, 399 (4th Cir. 2003).** If proper objections are made, a district court will review the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1)**. Where no objection is made, however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.***, 416 F.3d 310, 315 (4th Cir. 2005),** *cert. denied***, 126 S. Ct. 1033 (2006) (quoting Fed. R. Civ. P. 72, Advisory Committee note).**

### III. ANALYSIS

As no objections were filed to the Memorandum and Recommendation except as to the proposed disposition of Plaintiff's constructive discharge claim, this Court need only satisfy itself that the Memorandum and Recommendation is free of clear error on the face of the record. *Diamond***, 416 F.3d at 315.** Having reviewed the record and the Magistrate Judge's analysis of Defendants' partial motion to dismiss, the Court hereby adopts that portion of the Recommendation denying the Defendants' partial motion to dismiss. The Court, however, addresses the

proposed Recommendation granting the Defendants' motion as to Plaintiff's constructive discharge claim.

Because the Plaintiff has filed timely objections to the proposed dismissal of her claim of constructive discharge against Defendants, the Court will conduct a *de novo* review of the issue.  **28 U.S.C. § 636(b)(1)**.  In support of his Recommendation, the Magistrate Judge found that "the North Carolina Supreme Court has specifically held that North Carolina does not recognize a claim for wrongful constructive discharge in violation of public policy."  **Memorandum and Recommendation, at 21 (citing *Whitt v. Harris Teeter, Inc.*, 359 N.C. 625, 614 S.E.2d 531 (2005)).**

In its *per curiam* opinion, the Supreme Court of North Carolina stated, "[f]or the reasons stated in the dissenting opinion, the decision of the Court of Appeals is reversed."  ***Whitt, supra.***  Looking to the dissenting opinion filed by the North Carolina Court of Appeals' majority opinion in *Whitt*, it is clear that the dissent was based on two reasons that 1) North Carolina does not recognize constructive discharge as a separate tort action; and 2) even were North Carolina to recognize such a doctrine, the facts of the case did not support the claim.  ***See Whitt v. Harris Teeter,***

*Inc.,* **165 N.C. App. 32, 43-44, 598 S.E.2d 151, 159 (2004) (McCullough, J., dissenting).**

Whether the affirmation by North Carolina's Supreme Court is based upon one or both of the reasons stated in the dissent is unclear. That Court may have endorsed the dissent's idea that North Carolina has yet to recognize a claim of constructive discharge, or it may have simply believed that the record in *Whitt* was insufficient to support a claim of constructive discharge. Whatever the case may be, it is clear to the undersigned that the Supreme Court's *per curiam* opinion provides minimal guidance and should not be relied upon exclusively in disposing of this Plaintiff's constructive discharge claim.

North Carolina has not expressly adopted nor rejected the tort of constructive discharge. ***Graham v. Hardee's Food Sys., Inc.*, 121 N.C. App. 382, 385, 465 S.E.2d 558, 560 (1996).** North Carolina courts have, however, recognized the theory of constructive discharge as part of the general claim of wrongful discharge. ***See Coman v. Thomas Mfg. Co., Inc.,* 325 N.C. 172, 173-74, 381 S.E.2d 445, 446 (1989) ("Upon plaintiff's refusal to violate the regulations, he was told that his pay would be reduced at least fifty percent, *such reduction being tantamount to a***

*discharge of plaintiff*.") (emphasis added); *Garner v. Rentenbach Constructors, Inc.*, 350 N.C. 567, 570, 515 S.E.2d 438, 440 (1999) (describing the facts of *Coman* as "a constructive discharge"); *Whitt*, 165 N.C. App. at 44, 598 S.E.2d at 159 (McCullough, J., dissenting) ("In *Graham*, our Court seems to hold that a constructive discharge claim falls within the public policy exception of a wrongful discharge to an at-will-employee, and therefore requires proof that the discharge was in contravention of the public policy of North Carolina.") (citing *Graham*, 121 N.C. App. at 386-87, 465 S.E.2d at 561). Further, the Fourth Circuit has expressly recognized the theory of constructive discharge as a viable action. *See E.E.O.C. v. Clay Printing Co.*, 955 F.2d 936, 944 (4th Cir. 1992); *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985).

The difference between a claim of wrongful discharge based upon constructive discharge and a claim of constructive discharge appears to be a game of semantics played out among the North Carolina courts. However, it is clear that, while North Carolina remains undecided about its views towards the separate tort action of constructive discharge, it surely recognizes a claim of wrongful discharge of an at-will-employee based

upon the theory of constructive discharge due to a public policy violation. *See Coman, Graham, Whitt.* This Court cannot conceive of a case where an individual succeeding on a claim of constructive discharge would not also prove a claim of wrongful discharge. Therefore, this Court finds that a claim of constructive discharge is synonymous with a claim of wrongful discharge of an at-will-employee based upon a theory of constructive discharge due to a public policy violation.

Although an at-will-employee may be terminated "'for no reason, or for an arbitrary or irrational reason, there can be no right to terminate such a contract for an unlawful reason or purpose that contravenes public policy. A different interpretation would encourage and sanction lawlessness, which law by its very nature is designed to discourage and prevent.'" *Coman*, 325 N.C. at 175, 381 S.E.2d at 447 (quoting *Sides v. Duke University*, 74 N.C. App. 331, 342, 328 S.E.2d 818, 826 (1985)). Therefore, when pursuing a claim of wrongful discharge, "the employee has the burden of pleading and proving that the employee's dismissal occurred for a reason that violates public policy." *Considine v. Compass Group USA, Inc.*, 145 N.C. App. 314, 317, 551 S.E.2d 179, 181 (2001). "Public policy has been defined as the principle of law which holds that no

citizen can lawfully do that which has a tendency to be injurious to the public or against the public good." **Coman, supra, at 175 n.2, 381 S.E.2d at 447 n.2.** Specifically, the right to be free from sexual harassment in the workplace is a strongly rooted public policy in North Carolina. **See Guthrie v. Conroy, 152 N.C. App. 15, 19-20, 567 S.E.2d 403, 407 (2002) ("'It is the public policy of this State to protect . . . the right . . . of all persons to seek, obtain and hold employment without discrimination or abridgement on account of . . . sex[.]'") (quoting N.C. Gen. Stat. § 143-422.2).** Finally, when proving wrongful discharge of an at-will-employee via constructive discharge, a plaintiff "'must demonstrate that the employer deliberately made working conditions intolerable and thereby forced [the plaintiff] to quit. . . . Deliberateness exists only if the actions complained of were intended by the employer as an effort to force the employee to quit.'" **Graham, 121 N.C. App. at 385, 465 S.E.2d at 560 (quoting Clay Printing Co., 955 F.2d at 944) (citations omitted)).**

In the instant case, the undersigned views the claim of constructive discharge as synonymous with the claim of wrongful discharge. Further, Plaintiff has sufficiently plead the elements of a wrongful discharge claim based upon the theory of constructive discharge, which has been

recognized by both North Carolina courts and the Fourth Circuit, by alleging the requisite public policy violation (sexual harassment) and deliberateness on the part of her employer to establish her claim. Accordingly, due to the sufficiency of Plaintiff's pleading and the viability of Plaintiff's claim, the Defendants' motion as to this claim is denied.

**IT IS, THEREFORE, ORDERED** that Defendants' partial motion to dismiss is **DENIED.**

Signed: December 13, 2006

Lacy H. Thornburg
United States District Judge